JULIEN SWANSON (SBN 193957)
AUSTIN LAW GROUP
584 Castro Street #2126
San Francisco, California 94114
Tel: (415) 282.4511
Fax: (415) 282.4536
swanson@austinlawgroup.com

Attorneys for Plaintiff TIR CONSULTING LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIR CONSULTING LLC, A California limited liability company;<br><br>       Plaintiff,<br><br>   v.<br><br>CLOUDFLARE, INC., a Delaware corporation; NAMESILO, LLC, an Arizona Limited Liability Company; and DOES 1-100<br><br>       Defendants. | Case No.  3:22-cv-09010<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF and DEMAND FOR JURY TRIAL** |

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 1

## INTRODUCTION

1.      This action stems from the knowing, unauthorized and ongoing infringement of Plaintiff's intellectual property by these named Defendants, and their unknown customers, named here as Doe defendants as a result.

2.      Plaintiff, TIR Consulting LLC ("TIR"), is a California-based adult entertainment company that has produced and owns a substantial library of original works, all of which are branded with its registered "Mistress Harley" family of trademarks ("Original Works").

3.      Since 2015, TIR's Original Works have been available for purchase around the world on its website at www.mistressharley.com, as well as through authorized third parties pursuant to license agreements for which it is paid and accounted.

4.      One of the most significant business threats faced by TIR is the widespread and unabated infringement of its Original Works on the web.

5.      Counterfeit and pirate websites like https.mistress-harley.com, and a myriad of others like it, have an effective assortment of tools at their disposal to accomplish their pirating and counterfeiting without detection and for great profit for everyone involved *except* the lawful owner of the content.

6.      One such tool is to redirect traffic from authentic sites, like TIR's www.mistressharley.com, without permission, to third party servers like CloudFlare, who will house the information for their client, and protect the privacy of the infringer (who has paid for both the housing services and the guarantee that CloudFlare will do nothing to interfere with their anonymity and their cyber-theft).

7.      From there, the pirates and counterfeiters are free to make the stolen works available for purchase, again without permission or accounting, on domain sites that are hosted by companies that sell and host domains, while guaranteeing the anonymity of the domain owner, like the Defendant NameSilo.

8.      This is precisely how TIR's intellectual property remains available for unauthorized purchase on pirate sites around the web.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 2

9.     If the owner of the pirate site https://mistress-harley.com was known or discoverable, the owners would be sent a cease and desist and the site would be susceptible to shut down and /or brought to Court to account for the piracy, like it is supposed to work.

10.     However, with the help of companies like these Defendants, who blatantly advertise that part of the service they sell is to shield and redact the true identity of the website's owners and hosts (like NameSilo and CloudFlare), who provide an anonymous shelter for the diverted, stolen traffic and illegal websites, making these pirate and counterfeit sites impossible to police or shut down.

11.     Plaintiff is far from alone – other content owners who spend the time and money to secure registrations and seek to police their intellectual property, have raised similar complaints against these Defendants.  After providing proof of infringement, these third party providers still refuse to disclose which persons or companies directly own, control or host the pirate sites – thus they are making a profit by knowingly shielding their customers despite knowing these customers are breaking the law.

12.     The Defendants named herein are listed as owners and/or hosts of domains that have and that continue to directly infringe upon TIR's copyrights and trademarks – despite repeated complaints by TIR and its attorneys of infringement on those very websites.

13.     The Defendants named herein therefore have, with actual knowledge of their customers' direct infringements of TIR's Original Works, materially contributed to or aided in such infringement.

14.     The Defendants named herein, with the right and ability to control or supervise such infringing activity, have done nothing but allow and continue to profit from such activity.

15.     These Defendants continue doing business with the pirate sites even after receiving actual notices of infringement from content owners, including here, Plaintiff.

16.     For these reasons, the parties named herein should be held liable for contributory and vicarious copyright infringement and direct and contributory trademark infringement.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 3

17.     This suit seeks injunctive relief to (i) stop the Defendants from illegally shielding the identity of the owners of domains that are actively infringing on the intellectual property of another; (ii) command the Defendants to identify the owner of the infringing sites; and (iii) to award damages to Plaintiff for the infringement to date, and other illegal acts, and assess punitive and treble damages against the Defendants for their bad acts.

## **PARTIES**

18.     Plaintiff, TIR CONSULTING LLC ("TIR" or "PLAINTIFF") is, and at all times mentioned herein was, a California limited liability company with its principal office in the State of California, in the County of Los Angeles.

19.     TIR is the registered and sole owner of copyrighted works, registered with the US Copyright Office, that are the subject of this action.

20.     TIR is also the registered owner of multiple trademarks containing the image and name "MISTRESS HARLEY" that brand the copyrighted works, all of which are registered with the US Patent and Trademark Office

21.     Defendant CLOUDFLARE, INC. ("CloudFlare") is a Delaware corporation, registered to conduct business sin the state of California, with its principal offices at 101 Townsend, San Francisco, CA 94107.

22.     CloudFlare provides an array of internet privacy services, including a content delivery network, and other services which it labels "pass-through" services, and on information.

23.     According to its own website, "*Cloudflare is a large network of servers that can improve the security, performance, and reliability of anything connected to the Internet...by serving as a reverse proxy for your web traffic.  All requests to and from your origin flow through Cloudflare and — as these requests pass through our network — we can apply various rules and optimizations to improve security, performance, and reliability.*" [1]

---

[1] https://developers.cloudflare.com/fundamentals/get-started/concepts/how-cloudflare-works/

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 4

24.     CloudFlare provides these services to the owner and the hosts of the infringing website  https://mistress-harley.com/ .

25.     Defendant NAMESILO LLC ("NameSilo") is an Arizona Limited Liability Company with its principal offices located at 8825 N. 23rd St. Suite 100, Phoenix, AZ 85021.

26.     Defendant NameSilo offers what they call "*free WHOIS privacy"* and act as the domain name registrar of the infringing sites https://mistress-harley.com/ and manyvips.com.

27.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these defendants by such fictitious names. The plaintiff is informed, believes and thereupon alleges that the Defendants designated herein as DOES 1 through 100, inclusive, are any one of the following:

(a)     Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

(b)     Parties that are the agents, servants, employees and/or contractors of the Defendants, each or any of them acting within the course and scope of their agency, employment, or contract;

(c)     Parties that own, lease, manage, operate, secure and/or are responsible for the premises referred to hereinafter, and/or

(d)     Parties that have assumed or retained the liabilities of any of the Defendant(s) by virtue of an agreement, sale, transfer or otherwise.

28.     Plaintiff will amend this complaint to allege their true names and capacities, and the charging allegations, when such are ascertained.

## JURISDICTION AND VENUE

29.     The Court has jurisdiction over this action because it arises under the Copyright Act and Lanham Act, 28 U.S.C. § 1338(a). The Court has jurisdiction over the claim for unfair competition asserted herein under 28 U.S.C. §§ 1338(b) and 1367(a).

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 5

30.    Venue is proper in this District, in that the Defendants may be found in this District, 28 U.S.C. § 1400(a).

## GENERAL ALLEGATIONS OF FACT

31.    TIR Consulting LLC is a California based adult entertainment company that owns a large library of original content, which it brands with its family of registered "Mistress Harley" trademarks ("Original Works").

32.    It has incurred the time and expense of registering its intellectual property with the United States Patent and Trademark Office and the US Copyright Office, both US government agencies designed to give copyright and trademark owners access to the tools necessary to protect and police their intellectual property.

33.    Nonetheless, on December 12, 2021, a third party secured the domain https://mistress-harley.com/ with the intention of pirating TIR's intellectual property for its own profit.

34.    The third party is unknown to Plaintiff because both of the named Defendants, CloudFlare and NameSilo, have shielded that person or entity's information, as a matter of their regular business practice, and for their own profit.

35.    Both CloudFlare and NameSilo have done this despite being on notice of the infringement that is being perpetrated on the pirate site https://mistress-harley.com/.

36.    Included in the illegally available material for purchase by anyone with access to the internet, worldwide, at https://mistress-harley.com/ , at the time of writing this complaint, includes an astonishing 65 videos made, paid for, produced and owned by TIR.

37.    Also included in the pirate site's materials is TIR's family of Trademark registrations for Mistress Harley, including USPTO Regs. 6855999, 5333306 and 5175274, used to brand and sell the videos.

38.    Also included in the pirate site's materials is a group of videos owned by TIR and registered with the US Copyright Office, including Regs. PA0002371803 / 2022-08-19 ("Sissy

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 6

Workout Series 1: All About the Booty"); PA0002371804 / 2022-08-19 ("Rating Your Dick Pic"); PA0002371801 / 2022-08-19 ("Random Timer Blackmail JOI").

39.     Each of the above intellectual properties is presumed a valid registration and is statutorily protected under the law.

40.     Each of the above intellectual properties is available for unauthorized purchase from the following pirate websites.

**Pirate Site #1 – Mistress-Harley.Com**

41.     The accountability of online domains, to include their registered owners and any email address to report abuse, are locatable through a WHOIS database that is available to the public, and is run mainly by registrars and registries.

42.     According to Internet Corporation for Assigned Names and Numbers, or ICANN regulations, every domain registrar is *required* to maintain a publicly accessible database called "WHOIS" containing the contact information for all registered domain names.

43.     The pertinent information for the WHOIS Search Results for the Domain Name https://mistress-harley.com/   is as follows:

    a.   Domain Name: MISTRESS-HARLEY.COM
    b.   Registry Domain ID: 2662961447_DOMAIN_COM-VRSN
    **c.   Registrar WHOIS Server: whois.namesilo.com**
    **d.   Registrar URL: http://www.namesilo.com**
    e.   Updated Date: 2021-12-22T19:13:22Z
    f.   Creation Date: 2021-12-20T19:56:24Z
    g.   Registry Expiry Date: 2022-12-20T19:56:24Z
    h.   Registrar: NameSilo, LLC
    i.   Registrar IANA ID: 1479
    **j.   Registrar Abuse Contact Email: abuse@namesilo.com**
    k.   Registrar Abuse Contact Phone: +1.4805240066
    l.   Domain Status: clientTransferProhibited
        https://icann.org/epp#clientTransferProhibited
    **m.   Name Server: DESI.NS.CLOUDFLARE.COM**
    **n.   Name Server: SRI.NS.CLOUDFLARE.COM**

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 7

44.     A name server is most easily defined as the actual location of a website - similar to a brick and mortar store's physical address.

45.     Here, the name server for the pirate site is one of the Defendant CloudFlare's products, while the Registrar is the Defendant NameSilo.

### Pirate Site #2 - ManyVIPS.com

46.     Each and every of the 65 Infringing Links, backlinks to another website, www.manyvips.com, and each of the thumbnail images of the video clips similarly backlinks to www.manyvips.com.

47.     The pertinent information for the WHOIS Search Results for the Domain Name manyvips.com is as follows:

a.  Domain Name: MANYVIPS.COM
b.  Registry Domain ID: 2199018318_DOMAIN_COM-VRSN
**c.  Registrar WHOIS Server: whois.namesilo.com**
**d.  Registrar URL: http://www.namesilo.com**
e.  Updated Date: 2022-01-04T22:02:12Z
f.  Creation Date: 2017-12-12T08:14:37Z
g.  Registry Expiry Date: 2023-12-12T08:14:37Z
h.  Registrar: NameSilo, LLC
i.  Registrar IANA ID: 1479
**j.  Registrar Abuse Contact Email: abuse@namesilo.com**
k.  Registrar Abuse Contact Phone: +1.4805240066
l.  Domain Status: clientTransferProhibited
    https://icann.org/epp#clientTransferProhibited
**m. Name Server: ARYANNA.NS.CLOUDFLARE.COM**
**n.  Name Server: ROCCO.NS.CLOUDFLARE.COM**

48.     Here again, the name server for the pirate site is one of the Defendant CloudFlare's products, while the Registrar is the Defendant NameSilo.

### Cloudflare - a Favored Tool for Infringers

49.     CloudFlare boasts that it "…*provide[s] security and performance for millions of Internet properties" and that its "services run silently in the background, keeping many of the websites and services you depend on up and running.*"

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 8

50.     CloudFlare explains that its service converts a domain name search into the IP address for the website associated with that domain name, so that the user can connect to the website they are trying to reach. Without CloudFlare, a user could still get to the domain if the user had the actual IP address for the website associated with that domain name, or find a comparable service on their own or from a third party.

51.     CloudFlare also "optimizes the delivery of customers' websites from the customers' origin server to visitors' browsers. This gives visitors to a customer's website faster page load times and better performance, while blocking threats and abusive bots and crawlers from attacking the websites." CloudFlare provides what it calls a transparency report, wherein it admits "*Cloudflare has never modified customer content at the request of law enforcement or another third party.*"

52.     Based on CloudFlare's own admissions, it caches customer content across its vast global network, for the purpose of bringing the materials physically closer to users, enabling fast access and avoiding overburdened servers.  CloudFlare's Service is offered as a platform to "cache and serve web pages and websites."

53.     CloudFlare admits that it does not copy client websites without modification, rather, it admits that it "*may modify*" that content.

54.     Sec. 2.5.3 of its terms of use provides that "*Cloudflare may modify certain components of Customer Content… Cloudflare may: (i) intercept requests…(ii**) add** cookies to your domain to track visitors… (iii) **add scripts** to your page… (iv) **add firewall rules** to your website; (v) **scan your infrastructure** …and (vi) **make other changes.**"

55.     CloudFlare's terms of use at section 2.5.4, requires its customers to "represent and warrant that Customer Content does not infringe, violate, or misappropriate any third-party right, including any copyright, trademark, patent, trade secret, moral right, privacy right, right of publicity, or any other intellectual property or proprietary right."

https://www.cloudflare.com/terms/

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 9

56.     CloudFlare and its customers therefore mutually understand and agree that a user is prohibited from infringement, and CloudFlare has the right to terminate its relationship with any customer that infringes on a third party's copyright and/or trademark rights.

57.     According to CloudFlare's own pledge "*It is Cloudflare's overriding privacy principle that any personal information you provide to us is just that: personal and private. We will not sell, rent, or give away any of your personal information without your consent. Our respect for our customers' privacy applies with equal force to commercial requests and to government or law enforcement requests.*"

58.     CloudFlare also readily admits it "…has never modified the intended destination of DNS responses at the request of law enforcement or another third party."

59.     As a natural consequence, Defendant CloudFlare is a safe holding space for website owners who are offering illegal content, and both sides know exactly what is being bought and sold.

60.     According to a submission to a US government report on copyright, the Recording Industry Association Of America stated that: "*[Piracy] sites are increasingly turning to Cloudflare, because routing their site through Cloudflare obfuscates the IP address of the actual hosting provider, masking the location of the site.*"

61.     In 2015, New York District Court Judge Alison J. Nathan issued a preliminary injunction ("TRO") against CloudFlare, ordering that "*[u]pon receipt of notice from Plaintiffs or if CloudFlare otherwise has knowledge of an infringement on the part of one of its customers, CloudFlare shall cease providing its services to that customer as soon as possible, but no later than 48 hours after receiving such notice or obtaining such knowledge.*" *Arista Recs., LLC v. Tkach*, No. 15-CV-3701 AJN (S.D.N.Y. July 9, 2015) (emphasis added).

62.     CloudFlare claimed the TRO did not apply to it because it was only a "passive" service, and was not necessary for the operation of the website alleged to be infringing, an argument to which the Court did not agree.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 10

63.     In October of 2021, a Northern District Court held that insofar as Cloudflare's provision of services makes it more difficult for a third party to report incidents of infringement to the web host as part of an effort to get the underlying content taken down, it could be liable for contributory infringement.

64.     This is precisely the basis for the claims here.

### NameSilo

65.     NameSilo advertises itself as being "*…proud to offer FREE WHOIS Privacy Protection for all of our domain holders without limitation!*"

66.     NameSilo describes that it is unlike its competitors in this manner, because "*Unlike many of our competitors who offer Free WHOIS Privacy for a limited time, we provide WHOIS Privacy for free at all times, no exceptions!*"

67.     NameSilo partners with PrivacyGuardian.org to offer its customers what it calls "*complete protection for your information*" while complying with ICANN requirements.

**68.**     As a result, it explains that on accessing the WHOIS database, "*Instead of seeing your personal data, all contact information will be replaced with the PrivacyGuardian.org defaults.*"

**69.**     There is no question that this is not just an attractive service, but a necessary service for a pirate that wants to set up a site with illegal downloads.

### DMCA

70.     In 1998, The Digital Millennium Copyright Act ("DMCA") amended Title 17 of the United States Code, extending the reach of copyright and limiting the liability of the providers of online services for copyright infringement by their users.

71.     DMCA heightens the penalties for internet copyright infringement, but creates a safe harbor for online service providers (OSPs and ISPs) against liability if they adhere to and qualify for specific safe harbor guidelines, and either promptly block access to alleged infringing material or remove such material from their systems on notification of an infringement claim from a copyright holder or the copyright holder's agent (a "notice and takedown" process).

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 11

72.     As an example of doing business legally, TIR publishes on its website an email address where intellectual property based complaints can be directed, so any DMCA complaints are received and responded to within the parameters of the law.

73.     However, the pirates and counterfeiters utilize yet another tool in their scheme, offered by companies like NameSilo and CloudFlare, who both serve as gatekeepers for any such DMCA and third party complaints.  Instead of acting on the complaints, CloudFlare and NameSilo simply disclaim liability and point to each other as registrar or as host.

74.     Of course this is a dead end loop, if the hosting company and the registrar are both paid by the owner of the site to shield its identity.

75.     It is thus companies like these very Defendants, who protect and insulate the pirates and make the infringement not only possible but enable it to thrives, all while the legal content owners are left without viable recourse outside of costly and time intensive litigation like this.

76.     Attempting to enforce copyright laws against pirate sites can be taxing if not impossible, as the owners and initial infringers purposely register their web domains with a private registry, thus masking their identity – and undermining the entire point of policing original content.

77.     A lawful content owner cannot stop these pirate sites, despite filing complaints and alerting the named domain hosts of the infringement – the complaints of infringement are simply ignored, and the pirate sites flourish.

78.     And when contacted, companies like and including the Defendants here, refuse to disclose the identity of the host or site owner while ignoring the requests and complaints.

79.     The effort and expense of identifying or bringing owners of pirate sites into Court may be for not, as it is cheaper and easier to disappear and resume services anonymously on some other website under some other entity's privacy shield.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 12

80.     The pirate sites would be unable to accomplish their goals if the Defendants did not act as third party service providers, to include hosts, content delivery networks, advertising networks and affiliate programs, all the while protecting the identity of the actual pirate.

**TIR and Reports of Infringement**

81.     TIR, on its own behalf and through its attorneys, repeatedly complained to CloudFlare of the infringement and abuse, and was told that CloudFlare was a pass-through and would do nothing. "*Cloudflare offers network service solutions including pass-through security services, a content distribution network (CDN) and registrar services. Due to the pass-through nature of our services, our IP addresses appear in WHOIS and DNS records for websites using Cloudflare. Cloudflare cannot remove material from the Internet that is hosted by others.*"

82.     CloudFlare admitted that the accepted 65 URL(s) for the DMCA report on mistress-harley.com included:

1) https://mistress-harley.com/
2) https://mistress-harley.com/mistress-harley-10-minute-joi-game_6.html
3) https://mistress-harley.com/mistress-harley-alpha-males-become-weak-sluts-for-me_607.html
4) https://mistress-harley.com/mistress-harley-ass-cleaning-slave_384.html
5) https://mistress-harley.com/mistress-harley-ass-cleaning-slave_614.html
6) https://mistress-harley.com/mistress-harley-ass-owns-you-mesmerize_594.html
7) https://mistress-harley.com/mistress-harley-ass-stroke-zombie_581.html
8) https://mistress-harley.com/mistress-harley-bap3zed-in-cum-for-harley_591.html
9) https://mistress-harley.com/mistress-harley-bap3zed-in-cum-for-mistress-harley_615.html
10) https://mistress-harley.com/mistress-harley-become-my-favorite-slave_10.html
11) https://mistress-harley.com/mistress-harley-big-3ts-control-you_577.html
12) https://mistress-harley.com/mistress-harley-blackmailed-into-my-control_578.html
13) https://mistress-harley.com/mistress-harley-blue-balls-edging-game_20.html
14) https://mistress-harley.com/mistress-harley-cant-abuse-the-willing_572.html
15) https://mistress-harley.com/mistress-harley-cleavage-makes-you-weak_599.html
16) https://mistress-harley.com/mistress-harley-cock-shrinking-mesmerize_589.html
17) https://mistress-harley.com/mistress-harley-craving-mistress-harley_590.html
18) https://mistress-harley.com/mistress-harley-debt-contract-slave-rules_94.html
19) https://mistress-harley.com/mistress-harley-domina3ng-weak-wimpy-boys_601.html
20) https://mistress-harley.com/mistress-harley-dumb-boys-empty-wallets_30.html

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 13

21) https://mistress-harley.com/mistress-harley-ear-cleaning-fe3sh_11.html
22) https://mistress-harley.com/mistress-harley-enslaved-by-femdom_32.html
23) https://mistress-harley.com/mistress-harley-exposed-sissy-shauna_1.html
24) https://mistress-harley.com/mistress-harley-exposed-sissybb_23.html
25) https://mistress-harley.com/mistress-harley-falling-into-my-trap_580.html
26) https://mistress-harley.com/mistress-harley-findom-foot-fe3sh_588.html
27) https://mistress-harley.com/mistress-harley-fucking-men-over_595.html
28) https://mistress-harley.com/mistress-harley-gay-test_606.html
29) https://mistress-harley.com/mistress-harley-girlfriend-homewreck_592.html
30) https://mistress-harley.com/mistress-harley-gooner-mind-fuck-mesmerize_613.html
31) https://mistress-harley.com/mistress-harley-goth-goddess-foot-worship_596.html
32) https://mistress-harley.com/mistress-harley-harley-girlfriend-experience_574.html
33) https://mistress-harley.com/mistress-harley-helpless-foot-sniffer_597.html
34) https://mistress-harley.com/mistress-harley-homewrecker-advice_343.html
35) https://mistress-harley.com/mistress-harley-homewrecker-aroma-blackmail-bitch_609.html
36) https://mistress-harley.com/mistress-harley-hotter-than-your-wife-homewrecker_611.html
37) https://mistress-harley.com/mistress-harley-humilia3on-joi-cei-cam-session_604.html
38) https://mistress-harley.com/mistress-harley-learn-to-please-your-perfect-mistress_19.html
39) https://mistress-harley.com/mistress-harley-limpdick-humilia3on_612.html
40) https://mistress-harley.com/mistress-harley-make-me-a-millionaire-with-1_579.html
41) https://mistress-harley.com/mistress-harley-mesmerize-dream-of-harley-audio-mp3_608.html
42) https://mistress-harley.com/mistress-harley-mesmerize-gooner-brainwash-joi_583.html
43) https://mistress-harley.com/mistress-harley-mesmerize-joi-to-own-you_584.html
44) https://mistress-harley.com/mistress-harley-mesmerize-you-belong-to-me_586.html
45) https://mistress-harley.com/mistress-harley-my-bikini-is-too-small_582.html
46) https://mistress-harley.com/mistress-harley-pay-for-huge-3ts_593.html
47) https://mistress-harley.com/mistress-harley-pay-my-expensive-lips_22.html
48) https://mistress-harley.com/mistress-harley-poppers-slut-joi_575.html
49) https://mistress-harley.com/mistress-harley-porn-addic3on-is-good-for-you_587.html

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 14

50) https://mistress-harley.com/mistress-harley-porn-addic3on-stroke-training_290.html
51) https://mistress-harley.com/mistress-harley-prove-youre-not-gay_51.html
52) https://mistress-harley.com/mistress-harley-random-3mer-blackmail_517.html
53) https://mistress-harley.com/mistress-harley-ra3ng-your-dick-pic_392.html
54) https://mistress-harley.com/mistress-harley-ra3ng-your-dick-pic_598.html
55) https://mistress-harley.com/mistress-harley-sissy-workout-series-1-booty_600.html
56) https://mistress-harley.com/mistress-harley-top-5-gayest-sissies_585.html
57) https://mistress-harley.com/mistress-harley-ul3mate-rip-off_602.html
58) https://mistress-harley.com/mistress-harley-verbal-humilia3on-and-abuse-for-losers_576.html
59) https://mistress-harley.com/mistress-harley-you-exist-for-my-pleasure_610.html
60) https://mistress-harley.com/mistress-harley-your-mean-girlfriend_603.html
61) https://mistress-harley.com/mistress-harley-smoking-is-hotter-than-pindicks_9.html
62) https://mistress-harley.com/mistress-harley-ache-for-me_13.html
63) https://mistress-harley.com/mistress-harley-brainwashing-mesmerise-joi_24.html
64) https://mistress-harley.com/mistress-harley-homewrecker-mind-fuck-joi-for-losers_27.html
65) https://mistress-harley.com/mistress-harley-perfect-pussy-panty-worship_31.html

("The 65 Infringing Links")

83.     Each of the 65 Infringing Links reflects the registered family of trademarks for "Mistress Harley" all of which are owned exclusively by TIR.

84.     Moreover, four of the above video's are registered with the US Copyright Office.

85.     CloudFlare identified the hosting provider as "SECUNET, BG" and provided an Abuse Contact: abuse@cryptoservers.biz.

86.     On August 23, 2022, TIR through its attorneys, emailed abuse@cryptoservers.biz:

*To whom it may concern at SECUNET, BG, I represent T.I.R. Consulting LLC, which owns the domain name mistressharley.com and is the registered owner of the trademark Mistress Harley (United States Regs. 5175274 and 5333306), and the copyright owner of ALL of the content being illegally sold or transmitted on the following site: https://mistress-harley.com/.  The domain name mistress-harley.com/ is an infringing domain name as it is clearly, and is clearly designed to be, confusingly similar to my*

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 15

*client's authentic domain name, mistressharley.com. I am confident that any court will recognize that the owner of this domain is liable to my client for its bad faith intent to profit off of the use of this domain name to redirect traffic from my client's authentic site to this counterfeit site. See 15 U.S.C. §§ 1114 & 1125.*

*Additionally, the site is populated with content that infringes my client's exclusive rights as the registered owner of the trademarks. Further, each of the unique URLs below [all were listed] link to video clips, each one representing a unique instance of trademark infringement because EACH video includes and/or displays my client's' mark(s)…*

*THIS IS YOUR FINAL NOTICE OF THIS INFRINGEMENT - you were put on actual notice of each of these direct infringements on August 4, 2022, yet the site remains active to this day…Consider this writing a formal demand to do all of the following:*

1. *Locate the IP of the owner of mistress-harley.com by emailing abusereply@cloudflare.com, and locate the domain name registrar*
2. *Provide that information to my office*
3. *Remove the entire infringing site, and all of its contents from the internet immediately, and provide proof of such removal, in writing, to my office*
4. *Cease and desist from providing any services to the known infringer, permanently, and take all steps to ban the counterfeit site's owner from ever publishing under this alias again.*
5. *If the above steps are not taken immediately, I will have no choice but to advise my client to initiate litigation against you for your contributory liability.*

87.    There was no response received from abuse@cryptoservers.biz.

88.    The pertinent information for the WHOIS Search Results for the Domain Name Whois database for the domain cryptoservers.biz reveals this domain is protected by the privacy shield of NameSilo, as follows:

Raw Whois Data
**Domain Name: cryptoservers.biz**
Registry Domain ID: D1D15512C211F4F4997A7C4EB0B419E2B-GDREG
**Registrar WHOIS Server: whois.namesilo.com**
Registrar URL: www.namesilo.com
Updated Date: 2022-04-27T12:58:14Z
Creation Date: 2022-04-22T12:58:13Z
Registry Expiry Date: 2023-04-22T12:58:13Z
**Registrar: NameSilo, LLC**
Registrar IANA ID: 1479
**Registrar Abuse Contact Email: @namesilo.com**

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 16

Registrar Abuse Contact Phone: +1.4805240066
Domain Status: clientTransferProhibited
https://icann.org/epp#clientTransferProhibited
Registry Registrant ID: REDACTED FOR PRIVACY
Registrant Name: REDACTED FOR PRIVACY
**Registrant Organization: See PrivacyGuardian.org**
Registrant Street: REDACTED FOR PRIVACY
Registrant Street: REDACTED FOR PRIVACY
Registrant Street: REDACTED FOR PRIVACY
Registrant City: REDACTED FOR PRIVACY
Registrant State/Province: AZ

89.    PrivacyGuardian,org claims on its website that "*We guard our customers by allowing their details to remain private while still complying with domain registration rules*."

90.    Privacy Guardian further directs that "*If a domain utilizing our service has engaged in SPAM or some other illegal activity, please provide evidence of such behavior below. If you have a copyright/trademark dispute, you should direct your complaint to the respective <u>web site host for the domain</u>. We are solely a privacy service, and, as such we have no control over the storage or distribution of any allegedly infringing materials*."

91.    Up to and including on February 2022, TIR and its attorneys made formal complaints to NameSilo, from the trails of CryptoServier.biz and at CloudFlare's direction, and February 15, 2022, NameSilo's anonymous abuse team provided in pertinent part "*Please note we are only the domain name registrar and cannot validate or control the content posted on the site….Hope you find this helpful!  NameSilo Abuse Team, NameSilo Abuse Portal powered by Freshdesk Support Desk.*"

92.    The mistress-harley.com site remains active and continues to sell TIR's Original Content as of the present date.

93.    TIR and its attorneys' formal complaints to NameSilo and CloudFlare were identical to those detailed above, as were the responses.

94.    As is the case for mistress-harley.com, this site remains active and continues to sell TIR's Original Content as of the present date.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 17

**Lost and Diverted Profits as a Result of Infringement**

95.     As a result of the piracy and infringement, TIR has suffered consistent lost profits and decreased sales, and has calculated this lost amount to be in the tens of thousands of dollars and growing exponentially every day.  The observed growth of infringing content on these sites relates directly to a decline in TIR's profits.

96.     It is at this time impossible to know how many videos have sold on the pirate sites without an accounting.

97.     These third party providers confound the efforts of copyright owners like TIR who seek to terminate chronic infringement by pirate sites by asserting a distant relationship from the pirate sites and refusing to disclose information known to them about which persons or companies directly own, control or host the pirate sites.

98.     This case raises the problem of service providers who continue to do commerce with pirate sites even after receipt of actual knowledge of repetitive acts of infringement on such sites.

99.     These Defendants profit by supporting and providing critical services to pirate sites despite being on notice that these customers are repeat infringers.

100.     They have systematically failed to implement or enforce a repeat infringer policy and force lawful copyright and trademark holders into litigation, knowing that many businesses cannot afford the legal battle required.

101.     This undermines the entire purpose of DMCA.

**FIRST CAUSE OF ACTION**
**Contributory Trademark Infringement**
**(15 U.S.C. § 1114)**
**Against Defendants CloudFlare and NameSilo**

102.     Plaintiff incorporates by reference the above paragraphs as though set forth in full.

103.     Plaintiff owns U.S. Trademark Registrations protecting the mark "Mistress Harley" that include Regs. 6855999, 5333306 and 5175274 ("Plaintiff's Marks").

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 18

104.   Defendants CloudFlare and NameSilo knowingly and intentionally for profit, both supply services to customers that are known to be direct infringers of Plaintiff's Marks.

105.   Defendants CloudFlare and NameSilo shield these known infringing customers' identities, forcing them to evade detection and to be sued here only as Doe Defendants, thereby allowing those infringers the ability to effectuate chronic publication, use and exploitation of Plaintiff's Marks through Defendants' platforms.

106.   Defendants' customers' use of Plaintiff's Marks is without the permission of Plaintiff.

107.   Defendants' have direct control over, and monitor and provide the online publication services to all of their customers, including knowing infringers like these Doe Defendants who own and profit from the pirate sites.

108.   The pirate sites are causing Plaintiff to suffer decreased and lost revenues.

109.   If Defendants' conduct is permitted to continue, Plaintiff faces the risk of irreparable harm. Plaintiff's remedy at law is not by itself adequate to remedy Defendant's actions, and irreparable harm suffered by Plaintiff will continue unless this Court enjoins Defendants from continued infringement.

110.   Plaintiff is therefore entitled to injunctive relief.

111.   Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### Direct Trademark Infringement
### Against All Doe Defendants

112.   Plaintiff incorporates by reference the above paragraphs as though set forth in full.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 19

113.   Plaintiff owns U.S. Trademark Registrations protecting the mark "Mistress Harley" that include Regs. 6855999, 5333306 and 5175274 ("Plaintiff's Marks"), creating a presumption of validity over these marks.

114.   These Doe Defendants are using the named Defendants' web services to publish two infringing and pirate websites, wherein they are selling without authorization, products marked with Plaintiff's Marks.

115.   These pirate sites are causing consumer confusion as to the source of the goods, and are purposefully undercutting the cost of Plaintiff's products that are branded with Plaintiff's Marks, diverting customers from Plaintiff's website and to the pirate sites.

116.   Plaintiff seeks damages in an amount to be proven at trial, and injunctive relief to stop the publication of the pirate sites in order to prevent further harm and confusion.

### FOURTH CAUSE OF ACTION
### Contributory Copyright Infringement
### (15 U.S.C. § 1125(a))
### Against Defendants CloudFlare and NameSilo

117.   Plaintiff incorporates by reference the above paragraphs as though set forth in full.

118.   Plaintiff owns Copyright TIR and registered with the US Copyright Office, including Regs. PA0002371803 / 2022-08-19 ("Sissy Workout Series 1: All About the Booty"); PA0002371804 / 2022-08-19 ("Rating Your Dick Pic"); PA0002371801 / 2022-08-19 ("Random Timer Blackmail JOI") (together, the "Copyrighted Works").

119.   The named Defendants have, with actual and/or constructive knowledge of direct infringements of TIR's copyrighted works, materially contributed to or aided in such infringement and are thus liable for contributory copyright infringement.

120.   The named Defendants have also induced infringement of TIR's Copyrighted Works.

121.   As a result of these Defendants' acts of infringement, TIR is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 20

### FIFTH CAUSE OF ACTION
### Vicarious Copyright Infringement
### (15 U.S.C. § 1125(a))
### Against Defendants CloudFlare and NameSilo

122.   Plaintiff incorporates by reference the above paragraphs as though set forth in full.

123.   Plaintiff owns Copyright TIR and registered with the US Copyright Office, including Regs. PA0002371803 / 2022-08-19 ("Sissy Workout Series 1: All About the Booty"); PA0002371804 / 2022-08-19 ("Rating Your Dick Pic"); PA0002371801 / 2022-08-19 ("Random Timer Blackmail JOI") (together, the "Copyrighted Works").

124.   The named Defendants have the right and ability to control the infringing pirate sites, as they are the provider of services to the owners of those sites, and can demand the cessation of the piracy or terminate the accounts of the infringers (just as they would do when their clients fail to pay for their services).

125.   Indeed, the named Defendants admit to having control over the content that is being published utilizing its services.

126.   These named Defendants have been given actual and/or constructive knowledge of direct infringements of TIR's copyrighted works, yet despite having the ability to control or supervise the direct infringement described herein, they have failed to exercise such right and ability and have directly benefited financially from such infringing activity.

127.   As such, the named Defendants are liable for vicarious copyright infringement.

128.   As a result of these Defendants' acts of infringement, TIR is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 21

## SIXTH CAUSE OF ACTION
### Direct Copyright Infringement
### (15 U.S.C. § 1125(a))
### Against All Doe Defendants

129.    Plaintiff incorporates by reference the above paragraphs as though set forth in full.

130.    Plaintiff owns Copyright TIR and registered with the US Copyright Office, including Regs. PA0002371803 / 2022-08-19 ("Sissy Workout Series 1: All About the Booty"); PA0002371804 / 2022-08-19 ("Rating Your Dick Pic"); PA0002371801 / 2022-08-19 ("Random Timer Blackmail JOI") (together, the "Copyrighted Works").

131.    The Doe Defendants, whose identity is unknown to Plaintiff only as a result of their identity being shielded by the two named Defendants, are the owners or operators of the above-listed pirate sites, have directly infringed on TIR's Copyrighted Works.

132.    As a result of these Defendants' acts of infringement, TIR is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Unfair Competition
### (Cal. B&P Code §§ 17200 and 17500 et seq.)
### Against Defendants CloudFlare and NameSilo

133.    Plaintiff incorporates by reference the above paragraphs as though set forth in full.

134.    The acts and practices of the named Defendants as alleged herein, including without limitation, Defendants' contributory infringement of both copyright and trademark, and its acting to shield the identity of its clients that are engaging in piracy, theft, and infringement, and doing so for a profit, constitutes unfair competition in violation of the laws of the state of California.

135.    As a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

136.    As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 22

137.    Unless Defendants are restrained from pursuing their unlawful course of conduct, Plaintiff will continue to suffer irreparable harm. Plaintiff is therefore entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants, and each of them, pay general and special damages to the Plaintiff for Defendants' infringement and unfair competition in accordance with proof at trial;

2.    that Defendants, and each of them, pay punitive and/or treble damages to Plaintiff for Defendants' infringement and unfair competition in accordance with proof at trial;

3.    that the Court enter an injunction against each of the Defendants, and their agents, servants, employees, and attorneys, and those persons in active concert and participation with them:

    (a)    Enjoining the unauthorized use or publication of the Plaintiff's Marks or any colorable imitation thereof or confusingly similar term, by any and all Defendants;

    (b)    Requiring the disclosure by the named Defendants of the identity of the Doe Defendants who are the owners and operators of the pirate sites;

    (c)    Ceasing providing any services to the owners of the pirate sites;

    (d)    Requiring the immediate return to Plaintiff of the content of the pirate sites from the Doe Defendant owners and operators;

    (e)    Requiring Defendants' cease selling Plaintiff's content through its pirate sites;

4.    For Plaintiff's costs, including attorneys' fees and expenses;

5.    For treble damages for the intentional infringement herein;

6.    For such other and further relief as the Court deems just and necessary.

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al*, Case No. 3:22-cv-09010
Page 23

DATED: December 20, 2022

Respectfully submitted,

AUSTIN LAW GROUP

By:   */s/ Julien Swanson*

Julien Swanson, Esq.
Attorney for Plaintiff TIR CONSULTING LLC

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED: December 20, 2022          Respectfully submitted,

AUSTIN LAW GROUP

By:   */s/ Julien Swanson*

Julien Swanson, Esq.
Attorney for Plaintiff TIR CONSULTING LLC

Plaintiff's Complaint for Damages and Injunctive Relief
*TIR Consulting LLC  v. Cloudfare et al,* Case No. 3:22-cv-09010
Page 24